## CONTRACTS BETWEEN PROPERTY OWNERS AND REAL ESTATE BROKERS.

Common Pleas Court of Lucas County.

### THE BLAIR REALTY COMPANY V. CHARLES FRANKE.

Decided December 7, 1926.

*Contracts Which Must Be In Writing—Oral Modifications Not Permitted—Quantun Meruit Recovery of Commission for Finding a Purchaser Not Available Under a Contract Thus Modified—Section 8621.*

1. The inhibition of Section 8621, General Code, that "no action shall be brought whereby to charge the defendant * * * upon an agreement, promise, or contract to pay any commission for or upon the sale of an interest in real estate * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized" applies to an oral modification of a written contract whereby the time of performance by the broker is extended beyond the date fixed therein, the conditions thereof not being otherwise changed. The effect of such an oral modification is to create a new contract not in writing.

2. A broker can not maintain an action against the owner upon such contract as orally modified, to recover the commission therein provided, the purchaser having been procured after the time fixed in the written contract but before the expiration of the time so orally extended.

3. Nor can there be a quantum meruit recovery by the broker for services rendered under such contract as modified.

*Smith, Baker, Effler & Eastman,* for plaintiff.

*Holbrook & Banker,* for defendant.

LLOYD, J.

This action is now presented to the court for decision on a demurrer filed by the defendant to the two causes of action set forth in the amended petition of the plaintiff.

In its first cause of action the plaintiff, The Blair Realty Company, alleges in substance, that on the 18th day of February, 1926, it entered into a written agreement with the defendant, Charles Franke, whereby plaintiff was to endeavor to procure a purchaser for certain real estate

of the defendant upon the terms, and within the time pre-
scribed in the contract, the date of the expiration thereof
being February 23rd, 1926; if a purchaser was so procured,
a designated commission was to be paid by the defendant
to the plaintiff.

It is further alleged in this cause of action that prior to
February 23rd, 1926, in consideration of the promise of
the plaintiff to continue its efforts to procure a purchaser
for the real estate in question, the defendant verbally
agreed with the plaintiff to extend the time for perform-
ance by plaintiff of said written agreement, or to waive
the provisions thereof respecting the time of performance
by plaintiff of said written contract.    It is alleged also
that with the knowledge and consent of the defendant
the plaintiff continued to February 23rd, 1926, to use its
best efforts to obtain such purchaser; and prior to said
23rd day of February, 1926, and from time to time there-
after, the plaintiff negotiated with one Henry Toffler for
the sale of said property and procured him as a purchaser
therefor, and thereby performed the terms and conditions
of said contract by it to be performed; nothwithstanding
which, the defendant on the 27th day of April, 1926, with-
out the knowledge of the plaintiff, entered into an agree-
ment with said Toffler for the sale to him of the said real
estate and has failed and refused and still refuses to pay
to plaintiff the commission for which said written contract
provides, and which plaintiff alleges amounts to $3,650.

For its second cause of action, the plaintiff, pleading in
the alternative, says that if it should be found that
defendant did not so verbally agree to extend the time
of performance of said written agreement or to waive
the provisions thereof as to the time of performance,
then plaintiff says that on or about February 18th, 1926,
the defendant being the owner to certain described real
estate, employed the plaintiff to secure a purchaser there-
for; pursuant to which employment plaintiff performed
such services in that regard as that plaintiff procured
Henry Toffler as such purchaser; that on April 27th, 1926,

defendant without the knowledge or consent of plaintiff entered into an agreement for the sale or exchange of said real estate to said Henry Toffler. Plaintiff alleges that the reasonable value of its services so rendered amounts to $3,650.

The prayer of the amended petition is for a judgment against the defendant for $3,650., with interest from April 27th, 1926.

The first cause of action then is based upon a written agreement and a verbal modification thereof. The second cause of action is upon a quantum meruit for the services performed by plaintiff of which it is alleged defendant received and accepted the benefit.

A demurrer has been filed by defendant to both of these alleged causes of action, the ground thereof being that neither of them "state facts sufficient to constitute a cause of action against this defendant".

The sole question is whether or not these causes of action as alleged are within the inhibition of Section 8621 of our General Code.

This section provides, in part, that "No action shall be brought whereby to charge the defendant  *  *  *  * upon an agreement, promise, or contract to pay any commission for or upon the sale of an interest in real estate". *  * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized."

"Agreement is a wider term than contract". It is "the expression by two or more persons of an intention to affect the legal relations of those persons". It is one of the elements of a contract. It may or may not create obligation. A promise is an assurance by one person to another that he will or will not do a particular thing. "Not every promise is a contract, but a promise enforcible by law is a contract". When an offer has been made by one, and accepted by another, resulting in a promise which

the law invests with the character of an obligation, there results a contract.

So it would seem that the General Assembly by using these three words, "agreement, promise, or contract" intended that any obligation for compensation for services of the character designated in the statute, in whatever way created should be unenforcible unless expressed in writing.

If required thus to be in writing, it would seem also naturally and sensibly to follow that any attempted verbal modification of one of the express terms of the writing would necessarily be an attempted verbal renewal of all, because the promise to pay a commission depends solely upon the promise of performance within the stipulated time. In other words, a new contract not in writing would thus be created in contravention and avoidance of the clear import and intent of the expressed will of the legislature.

To my mind, this portion of Section 8621, being worded differently from the other provisions thereof, it was intended that there should be no verbal modification of a written contract, the subject of which was compensation for services rendered or claimed to have been performed in obtaining a purchaser for real estate of another, whether called a commission or by some other term.

To decide otherwise would entirely destroy the apparent intended purpose and effect of the statute as to the subject in question. This is the only part thereof where the words, "any agreement, promise or contract" are used, which evidences to me that a different meaning and construction was intended and should be given. Otherwise the same confusion, possible misunderstanding and uncertainty, the same character of litigation sought thereby to be avoided, would continue, and the statute might better not have been thus amended. There can be quite as much unseemly and perjured litigation concerning an alleged verbal modification of such a written contract, as there possibly could be as to the existence of the original con-

tract, if also verbal; to say that there may be a quantum meruit recovery upon a verbal contract for services of the character in question, likewise is judicially to declare this statutory provision nugatory and ineffective. The General Assembly having acted within its province and having clearly expressed its intent and purpose, the duty of the court is to uphold, not to destroy, what it has thus done. To argue that this statutory provision so construed, in some instances would operate unjustly, at least from a moral viewpoint, and that it does so operate in this case, is only to beg the question. It is quite as important that it should operate as intended, to protect real estate owners, as that it should not operate unjustly as to real estate brokers. A real estate broker, like every other person, is bound to know the law and to conduct his business accordingly, and also is he bound to know that not every obligation, regarded as moral, is a legal obligation.

Several Ohio decisions have been cited, all of which I have examined, but none of which in my judgment determine the question as to what construction should be given to the provision of the statute under consideration.

This amendment to the Ohio statute is identical with and evidently was copied from the Michigan statute relating to this subject, and my opinion is that the correct and decisive principle of law is stated in *Paul v. Graham,* 193 Michigan, p. 447. This decision applies concretely to the question involved as to the sufficiency in law of the facts stated in plaintiff's second cause of action, but the general principles there announced apply equally to the plaintiff's first cause of action.

The demurrer, therefore, is sustained as to each of the alleged causes of action.